Carl Dennis COOK, Plaintiff-Appellant,

v.

Deputy Jim SPENCER, Navarro County
Police Department, Defendant-Appellee.

No. 81–1010

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 14, 1982.

Opinion on Denial of Rehearing
Dec. 13, 1982.

Frank Koury, Houston, Tex. (court-appointed), for plaintiff-appellant.

Frank Betancourt, Dallas, Tex., for defendant-appellee.

Before GEE, RUBIN and JOHNSON,
Circuit Judges.

PER CURIAM:

Carl Dennis Cook appeals from a take-nothing judgment entered after a jury verdict in his action against Jim Spencer under 42 U.S.C. § 1983. Cook's sole alleged error is that the trial court improperly allowed testimony regarding matters that were irrelevant and prejudicial to Cook's claim.

On February 18, 1977, Cook was a passenger in a car driven by Marvin Brown, which was stopped by Deputy Eddie Foreman of the Navarro County Sheriff's Department on a rural road in Ellis County, Texas. After arresting and handcuffing Cook and Brown, the deputy radioed for assistance. Defendant Spencer and another deputy were the first of a number of law enforcement officials to arrive on the scene. Before all the other officers arrived, however, Cook claims that Spencer physically and verbally abused him in an effort to obtain information about a rash of burglaries. Cook, who was eventually convicted of burglary, filed suit alleging that Spencer had violated his civil rights. The case was a classic "swearing match," with Spencer denying everything that Cook claimed. The jury found that an assault, but no battery, had taken place, and that Cook had not been damaged by the assault.

Before us Cook claims that the trial court erred in allowing introduction of evidence concerning his initial arrest, which occurred before Spencer arrived on the scene. Specifically, Cook points to testimony that a bag of marihuana was on the car seat and a handgun underneath the seat. According to Cook, this evidence was irrelevant, highly prejudicial, and requires reversal for a new trial.

Appellant suggests for the first time on this appeal that the evidence in question, though perhaps relevant, should have been excluded even so because, on balance, its tendency to prejudice the jury unfairly substantially outweighed its probative value. Rule 403, Federal Rules of Evidence; *see United States v. McRae,* 593 F.2d 700, 707 (5th Cir. 1979). No objection on such a ground was made, however, nor was the trial court asked to balance unfair prejudice against relevance on Rule 403's loaded scale ("substantially"). The sole objection made to the testimony about these items was as being irrelevant, hence we will not review the trial judge's performance by reference to another test to which he was not put.[1]

1. One may well wonder whether any substantial incremental prejudice is apparent, however, in view of Cook's having volunteered on direct, and as the first witness, that the car also con-

Was the testimony irrelevant?

Rule 401, Federal Rules of Evidence, defines such evidence as "... evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Such evidence need not bear on ultimate issues as disputed facts; and background evidence may be admitted in the judge's discretion. As the Notes of the Advisory Committee observe:

> The fact to which the evidence is directed need not be in dispute. While situations will arise which call for the exclusion of evidence offered to prove a point conceded by the opponent, the ruling should be made on the basis of such considerations as waste of time and undue prejudice (see Rule 403), rather than under any general requirement that evidence is admissible only if directed to matters in dispute. *Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding.* Charts, photographs, views of real estate, murder weapons, and many other items of evidence fall in this category. A rule limiting admissibility to evidence directed to a controversial point would invite the exclusion of this helpful evidence, or at least the raising of endless questions over its admission.

(emphasis added).

It is too well established to require citation of authority that the trial judge's discretion in such matters is broad. It was not abused here.

AFFIRMED.

### ON PETITION FOR REHEARING

In response to plaintiff's contention on rehearing that the balancing test of Rule 403, Federal Rules of Evidence, was invoked by a motion in limine denied by the trial court and therefore need not have been reasserted in a contemporaneous objection, we have reexamined the record. Assuming, without deciding, that such a motion might be sufficient for such purposes, this one is not. At one spot it asserts

tained a hidden shotgun and that he procured and smoked marihuana in jail. We note also that the jury was not swept away by this or

that evidence of events occurring before the arrival of defendant Spencer on the scene was irrelevant and at another that it was prejudicial, but nowhere does it assert any relationship between these concepts of relevance and prejudice or call on the court to balance relevance and probative value against prejudice.

IT IS ORDERED that the petition for rehearing, filed in the above entitled and numbered cause be and the same is hereby DENIED.

other evidence, concluding, in accordance with Cook's testimony, that he was in fact the victim of an assault, if no battery.